UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SHIRLEY E. PERRY | * | CIVIL ACTION NO. 2:13-CV-00441 |
| Plaintiff | * | |
| V. | * | JUDGE MINALDI |
| DEPARTMENT OF FINANCE AND ACCOUNTING SERVICES, ET AL. | * | |
| | * | MAGISTRATE JUDGE KAY |
| Defendants | * | |

## MEMORANDUM RULING

Before the court is the Defense Finance and Accounting Services' (defendant) Motion to Dismiss Pursuant to Rule 12(b)(1) [Doc. 10]. The plaintiff has filed an Opposition [Doc. 12], to which the defendant has timely filed a Reply [Doc. 13]. For the reasons set forth below, it is hereby ordered that the defendant's Motion be and hereby is **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

This case concerns a dispute over the payment of military retirement benefits pursuant to the Uniformed Services Former Spouses Protection Act, 10 U.S.C. § 1408 (the Act). Shirley E. Perry and Eugene Perry were married in 1983.[1] Eugene Perry, a recipient of military retirement benefits, retired from the United States Army after nearly fourteen years of service on June 11, 1997.[2]

On January 28, 2010, the two were divorced by a judgment of the Thirtieth Judicial District Court for Vernon Parish.[3] Listed in the Sworn Detailed Descriptive List in the divorce proceedings, under "Community Assets," was an entry entitled "Husband's Military

---

[1] Compl. [Doc. 1], at ¶ 5.
[2] *Id.* at ¶ 4.
[3] *Perry v. Perry*, No. 81,899 (30th J.D.C. Jan. 28, 2010) [Doc. 10-2], at 1.

1

Retirement."[4] On September 27, 2012, the Thirtieth Judicial District Court issued a judgment decreeing that the plaintiff herein did in fact possess an interest in the military retirement benefits, and, according to the *Sims* Formula, the plaintiff was entitled to forty percent (40%) of those military benefits, together with cost of living adjustments that accrue to said military benefits.[5]

By letter dated October 23, 2012, the plaintiff was informed by the defendant that the application for payment of her portion of the retirement benefits could not be approved because

> [t]he court order or other court document failed to show that the court had jurisdiction over the member by reason of (a) the member's residence in the territorial jurisdiction of the court other than because of military assignment, (b) the member's domicile in the territorial jurisdiction of the court, or (c) the member's consent to the jurisdiction of the court.[6]

The letter further stated that the application for benefits would be retained for ninety (90) days, during which time the plaintiff would be required to supply the requested information "or the entire application package [would have to] be resubmitted with the requested information."[7]

In response, on October 29, 2012, the plaintiff's counsel sent a letter by certified mail to the Assistant General Counsel for Garnishment Operations, enclosing with it a copy of the Affidavit of Mailing filed with the clerk's office on July 20, 2012, evidencing that the Petition for Partition had been served on Mr. Perry on May 29, 2012.[8] The plaintiff's counsel also noted

---

[4] Exhibit C, Sworn Detailed Descriptive List [Doc. 10-2], at 8. Specifically, the list states
  Husband's Military Retirement (Grade – SSG; Pay Grade – E6; Date of Enlistment: 6/15/77; Date of marriage – 8/16/83; Date of Retirement – 6/11/97; Years of creditable service earned during the marriage – 13 years, 10 months = 166 months) as per attached Certificate of Release or Discharge From Active Duty, DD Form 214.
*Id.*
[5] *Perry v. Perry*, No. 81,899 (30th J.D.C. Sept. 27, 2012). *See also Sims v. Sims*, 358 So. 2d 919 (1978).
[6] Exhibit F, Letter from Julie Miklosovic, Paralegal Specialist with Defense Finance and Accounting Service, to Mitchel Mark Evans II, Esq., Oct. 23, 2012 [Doc. 10-2], at 14.
[7] *Id.*
[8] Exhibit F, Letter from Mitchel M. Evans II, Esq., to Assistant General Counsel for Garnishment Operations, Oct. 29, 2012 [Doc. 10-2], at 15.

2

that Mr. Perry never filed an objection to venue, and thus consented to the 30th J.D.C. as the proper forum.[9]

In a letter dated December 13, 2012, the plaintiff received another letter, again denying her request.[10] This letter again reiterated that the Act requires that the court awarding the benefits have "(c)(4)" jurisdiction in one of the aforementioned three ways.[11] Julie Miklosovic, a paralegal employed by the defendant, noted in her letter that

> [o]ne way is for the member to consent to the jurisdiction of the court . . . by taking some affirmative action with regard to the legal proceeding, such as filing any responsive pleading in the case. Simply receiving notice of filing of the divorce complaint or petition is not sufficient.[12]

The plaintiff filed suit in this court on February 28, 2013, seeking to recover under theories of an unconstitutional regulatory taking, a regulatory taking under state law, and for punitive damages, costs, expenses, and attorneys' fees.[13]

## LAW & ANALYSIS

### Legal Standard for Rule 12(b)(1) Motion to Dismiss

Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) seek to challenge the jurisdiction of a court to hear a case. FED. R. CIV. PROC. 12(b)(1). The party asserting jurisdiction bears the burden of proof on such a motion. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Upon the complaints and the evidence, the bearer of the burden of proof must show that by a preponderance of the evidence that the court has jurisdiction. *Smith v. Potter*, 400 Fed. Appx. 806, 810 (5th Cir. 2010) (*citing Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). In assessing a 12(b)(1) motion, the court may base its finding upon "(1) the

---

[9] *Id.*
[10] Exhibit F, Letter from Julie Miklosovic, Paralegal Specialist with Defense Finance and Accounting Service, to Mitchel Mark Evans II, Esq., Dec. 13, 2012 [Doc. 10-2], at 16.
[11] *Id.*
[12] *Id.*
[13] Compl. [Doc. 1], at ¶¶ 7-11.

complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Smith*, 400 Fed. Appx. at 810 (*citing Ramming*, 281 F.3d at 161 (citation omitted)).

### The Uniformed Services Former Spouses Protection Act

The general rule is that the partition of spousal community property upon divorce is a matter of state law. *See, e.g., In re Burrus*, 136 U.S. 586, 593-94 (1890). However, prior to the passage of the Act, the United States Supreme Court was presented with a

> conflict between the federal statutes governing military retirement pay – which the Court construed as making retirement pay the property of the retiree – and state law that treated pay earned during marriage as divisible spousal property. The Court went on to hold that state law could not be allowed to divide a military retiree's retirement pay in divorce proceedings.

*Adkins v. Rumsfeld*, 464 F.3d 456, 461 (4th Cir. 2006) (*construing McCarty v. McCarty*, 453 U.S. 210, 235-36 (1981)).

Congress responded swiftly to the *McCarty* decision by passing the Act, which provides that the disposable retired pay of former service members, for pay periods after June 25, 1981, may be treated by a court as spousal property "in accordance with the law of the jurisdiction of such court." 10 U.S.C. § 1408(c)(1). However, and crucial to the inquiry in the instant case,

> [a] court may not treat the disposable retired pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court.

10 U.S.C. § 1408(c)(4).

The dispute herein seems to stem from a misunderstanding of the jurisdictional requirements of 10 U.S.C. § 1408(c)(4). The plaintiff's Opposition [Doc. 12] in this matter is largely concerned with establishing that the state court that rendered the judgment partitioning

4

the community property had personal jurisdiction over Mr. Perry.[14] However, as far as the court can tell, there is no allegation that the state court did not have personal jurisdiction in the divorce proceeding at issue. Regardless, a finding of personal jurisdiction alone is insufficient under the Act. "Significantly, the Act itself prohibits the Government from honoring a court order unless the court has jurisdiction over the retiree by residence, domicile, or consent, for reasons other than military assignment." *Simanonok v. Simanonok*, 787 F.2d 1517, 1523 (11th Cir. 1986) (*citing* 10 U.S.C. § 1408(c)(4)). In essence, there exists no per se problem with the state court's jurisdiction, but rather the problem lies in the fact that the very statute that the plaintiff seeks to invoke to recover a portion of Mr. Perry's military retirement benefits requires that this additional jurisdictional hurdle be met. "[A] division under § 1408(c)(1) can *only* be made by a state court that has 'jurisdiction over the member' based on residence, domicile, or the member's consent." *Adkins*, 464 F.3d at 462 (*citing* 10 U.S.C. § 1408(c)(4)) (emphasis added). Louisiana state courts have also commented on the application of this provision of the Act. *See White v. White*, 543 So. 2d 126, 127 (La. Ct. App. 1989) (*citing* 10 U.S.C. § 1408(c)(4); *Gowins v. Gowins*, 466 So.2d 32 (La. 1985) (additional citations omitted)) (stating that "[i]n order for Louisiana to apply its law on matrimonial regimes to military pensions, the service member must be a Louisiana domiciliary, a Louisiana resident, apart from military assignment, or the member must have *consented* to the Louisiana court's exercise of jurisdiction."). *See also Steel v. United States*, 813 F.2d 1545, 1552 (9th Cir. 1987) (*construing* 10 U.S.C. § 1408(c)(1) (stating that "this provision is a limitation on subject-matter rather than personal jurisdiction. A court otherwise having jurisdiction of the parties is not allowed to invoke the powers of [the Act] unless personal jurisdiction has been acquired by domicile or consent or residence other than by military assignment.").

---

[14] Opp. [Doc. 12], at 5-7.

It seems to the court that this was precisely the point that the letters sent to the plaintiff were intending to convey. The Act permits the Secretaries to create regulations to aid in the administration of the FSPA. See 10 U.S.C. § 1408(j). These regulations provide that, "[a]fter a former spouse submits a certified copy of the state court order, the D.O.D.'s Defense Finance and Accounting Service (DFAS) must verify that the order satisfies the statutory requirements. *Adkins*, 464 F.3d at 462 (citation omitted).

As Mr. Perry was neither a resident nor a domiciliary of Louisiana, he must have consented to the court's jurisdiction in order for the plaintiff to prevail. "The satisfaction of state law jurisdictional requirements is not sufficient alone to satisfy the additional jurisdictional requirement stated in paragraph 290604. If the court states that it has USFSPA jurisdiction, then *it must state the basis for the finding, i.e., member's residence, member's domicile or member's consent*." DEP'T OF DEFENSE, Fin. Mgmt. Regulation, Vol. 7B, D.O.D. 7000.14 – R, at ¶ 290605, *available at* http://comptroller.defense.gov/fmr/current/07b/Volume_07b.pdf (emphasis added). Here, it is not apparent from the court order that Mr. Perry consented to the court's jurisdiction. It seems to the court that the defendant's position is simply that, in order to make the requested payments to the plaintiff, the defendant requires documentation from the state court setting forth the basis for the state court's finding that it possesses jurisdiction under the Act.

## Sovereign Immunity

Nevertheless, the defendant raises valid issues pertaining to the power of the court to adjudicate this dispute. Essentially, the defendant argues that principles of sovereign immunity and the requirements of administrative exhaustion prevent the court from adjudicating this case.[15]

---

[15] Memo. in Supp. [Doc. 10-1], at 4-10.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). This principle of sovereign immunity extends to agencies of the United States. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Waiver of this immunity must be unequivocally expressed by Congress; an implied waiver is insufficient. *Mitchell*, 463 U.S. at 538. Generally speaking, the Act does not waive the sovereign immunity of the United States. *Steel v. United States*, 813 F.2d 1545, 1552 (9th Cir. 1987).

> [The Act] does waive the sovereign immunity of the United States to allow service upon the appropriate Secretary of a court order dividing retirement benefits. 10 U.S.C. §1408(d)(1), (b)(1). This waiver does not extend, however, to immunity from suit. [The plaintiff in *Steel*, for instance, sought] to compel the Secretary to enforce the judgment from the only court she contend[ed] had subject matter jurisdiction over the retirement benefits and personal jurisdiction over her. [The Act did] not allow her to do so.

*Id.* at 1553. Thus, regardless of the merits of either party's substantive arguments, no party has made a compelling argument illuminating why the principles of sovereign immunity would not prevent suit against the United States under these circumstances.

Furthermore, the plaintiff's arguments under the Takings Clause of the Fifth Amendment also must fail. The Fifth Amendment provides that "private property [shall not] be taken for public use without just compensation." U.S. CONST. Amend. V. The Act provides that "the federal government will recognize a state court order that treats retired pay as property to be divided between the retiree and the spouse in a divorce if state law would treat the retired pay as marital property." *Howard v. United States*, No. SA-01-CA-1165-OG, 2002 U.S. Dist. LEXIS 26535, at *42 (W.D. Tex. Nov. 22, 2002) (*citing* 10 U.S.C. § 1408). However, such recognition does not equate to a finding that the retired pay in question is "property within the meaning of the Fifth Amendment." *Id.* Moreover, courts have stated that such benefits are more akin to

"gratuities" which, as they may be withdrawn by Congress at any time, do not create vested rights. *Id.* (citing *Lynch v. United States*, 292, U.S. 571, 577 (1934); *Milliken v. Gleason*, 332 F.2d 122, 123 (1st. Cir. 1964), *cert. denied*, 379 U.S. 1002).

As the court finds principles of sovereign immunity preclude the court's adjudication of this dispute, a further discussion addressing the defendant's argument that the plaintiff has failed to exhaust all administrative remedies is unnecessary. Accordingly,

**IT IS ORDERED** that the defendant's Motion to Dismiss [Doc. 10] be and hereby is **GRANTED**.

Lake Charles, Louisiana, this 13 day of November, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

8